762 So.2d 770 (2000)
COMM-CARE CORPORATION
v.
LOUISIANA TAX COMMISSION, Elmer Litchfield, in This Capacity as Sheriff and Ex-Officio Tax Collector of the Parish of East Baton Rouge; Ronnie Book, in His Capacity as Sheriff and Ex-Officio Tax Collector of the Parish of Catahoula; Willie Wayne Houck, in His Capacity as Sheriff and Ex-Officio Tax Collector of the Parish of Lincoln; William Earl Hilton, in His Capacity as Sheriff and Ex-Officio Tax Collector of the Parish of Rapides; Frank a Howard, in His Capacity as Sheriff and Ex-Officio Tax Collector of the Parish of Vernon; Jeffrey F. Wiley, in His Capacity as Sheriff and Ex-Officio Tax Collector of the Parish of Ascension; William Belt, in His Capacity as Sheriff and Ex-Officio Tax Collector of the Parish of Avoyelles; M. Bolivar Bishop, in His Capacity as Sheriff and Ex-Officio Tax Collector of the Parish of Beauregard; Charles L. Cook, in His Capacity as Sheriff and Ex-Officio Tax Collector of the Parish of Ouachita; Cynthia Dauzat, in Her Capacity as Ex-Officio Tax Collector of the City of Bunkie; Deborah Savage, in Her Capacity as Ex-Officio Tax Collector of the City of Jonesville; Charles Otis, in His Capacity as Ex-Officio Tax Collector of the City of Donaldsonville; Benny Chelette, in His Capacity as Ex-Officio Tax Collector of the City of West Monroe; the Parish of Ascension; the Parish of Avoyelles; the Parish of Beauregard; the Parish of Catahoula; the Parish of East Baton Rouge; the Parish of Lincoln; the Parish of Ouachita; the Parish of Rapides; the Parish of Vernon; the City of Bunkie; the City of Donaldsonville; the City of Jonesville; the City of West Monroe; Gerald McCrory, Jr. in His Capacity as Assessor for the Parish of Ascension; Lee F. Thevenote in His Capacity as Assessor for the Parish of Avoyelles; Bobby Cudd in His Capacity Assessor for the Parish of Beauregard; Carmon Walker in His Capacity as Assessor for the Parish of Catahoula; Frank Granger, III in His Capacity as Assessor for the Parish of East Baton Rouge; Jewette Farley in His Capacity as Assessor for the Parish of Lincoln; Rich Bailey in His Capacity as Assessor for the Parish of Ouachita; Ralph Gill in His Capacity as Assessor for the Parish of Rapides; Eugene Cavanaugh in His Capacity as Assessor for the Parish of Vernon.
No. 99 CA 0709.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
*772 John L. Dardenne, Jr., Baton Rouge, John Stassi, II, Scott J. Sonnier, New Orleans, for Appellant Plaintiff Comm-Care Corp.
Tony Tillman, Leesville, for Appellees Defendants Gerald McCrory, Jr., Lee F. Thevenote, Bobby Cudd, Carmon Walker, Frank Granger, III, Jewette Farley, Rich Bailey and Eugene Cavanaugh.
W. Mark McKee, West Monroe, for Ouachita Parish.
John F. Weeks, Metairie, for Jefferson Parish.
Russell Purvis, Jonesville, for Catahoula Parish.
Cyrus J. Greco, Baton Rouge, for East Baton Rouge Parish.
Vyrona Wiltz, Krotz Springs, for La. Tax Commission.
Paul S. West, Baton Rouge, for All Named Assessors.
T. Tod Cagle, West Monroe, for Lincoln and Ouachita Parishes.
David R. Latage, DeRidder, for Beauregard Parish.
Before: FOIL, WHIPPLE and GUIDRY, JJ.
FOIL, J.
In this appeal, a taxpayer, Comm-Care Corporation, challenges an administrative decision of the Louisiana Tax Commission that denied exemptions claimed by the taxpayer. The district court affirmed the Commission's decision and this appeal by Comm-Care followed. For the following reasons, we reverse.

FACTS AND PROCEDURAL BACKGROUND
Comm-Care Corporation, an entity recognized as a tax-exempt organization by the United States Internal Revenue Service, is the owner and operator of ten nursing homes throughout nine parishes in Louisiana. It sought exemption from 1996 ad valorem taxes with the respective tax assessors in the parishes where its nursing homes are located. The parish tax assessors disallowed Comm-Care's claims, and Comm-Care administratively appealed to the respective parish boards of review, pursuant to La. R.S. 47:1992(C). Each parish board affirmed the decision of its assessor, and Comm-Care appealed to the Louisiana Tax Commission, pursuant to La. R.S. 47:1992(D).
On November 13, 1996, the Tax Commission held a hearing on the matter and subsequently determined that Comm-Care was not exempt from paying the 1996 ad valorem taxes. In a decision rendered January 28, 1997, the Commission found that, although Comm-Care is a non-profit corporation operated for health and welfare purposes and exempt from federal and state taxes, the evidence showed that Comm-Care was not operating the nursing homes in a "charitable" manner. Rather, the Commission found that the nursing homes appeared to be operated in the same manner as any "for-profit" organization.
Comm-Care timely paid the taxes under protest and, on February 10, 1997, filed a petition for judicial review of the Commission's decision in the trial court, pursuant to La. R.S. 47:1998(A)(1). A hearing was held on the matter on January 26, 1998. Thereafter, in written reasons for judgment, signed November 2, 1998, the trial court concluded the Commission's decision was supported by the evidence and affirmed the same. This devolutive appeal by Comm-Care followed.

*773 STANDARD OF REVIEW
Judicial review of decisions of the Commission is authorized by La. R.S. 47:1998(A)(1); the extent of that review is governed by La. R.S. 49:964(F) and (G) of the Administrative Procedure Act. Hotel de La Monnaie Owners Association, Inc. v. Louisiana Tax Commission, 95-1009, p. 5 (La.App. 1 Cir. 12/15/95), 669 So.2d 455, 458. La. R.S. 49:964(F) confines judicial review to the record established before the Commission. La. R.S. 49:964(G) allows the district court to affirm or remand the Commission's decision and restricts reversal or modification of that decision to instances in which substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of this rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
(7) In cases covered by R.S. 15:1171 through 1177, manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
When reviewing an administrative final decision, the district court functions as an appellate court. Further, an aggrieved party may obtain review of any final judgment of the district court by appeal to the appropriate court of appeal. On review of the district court's judgment, "no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal." Giles v. Cain, 98-0212, p. 7 (La.App. 1 Cir. 4/19/99), 734 So.2d 109, 114; See also La. Const. art. V, § 5(C).

DISCUSSION
Comm-Care claims exemption of its facilities from ad valorem taxes under La. Const. art. VII, § 21(B)(1)(a), which provides in pertinent part as follows:
Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
. . . .
(B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
. . . .
None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased or used for commercial *774 purposes unrelated to the exempt purposes of the corporation or association.
On appeal, Comm-Care asserts that the decisions of the trial court and the Commission are arbitrary, capricious and manifestly erroneous. Specifically, it claims that, despite finding that Comm-Care met every requirement of the above article of the Louisiana Constitution of 1974, the Commission and the trial court erroneously applied the basis for exemption found in the Constitution of 1921 in holding that, in order to be exempt, the facilities must be used or operated in a charitable manner. Comm-Care submits that Article VII, § 21(B)(1)(a) of the Constitution of 1974 provides an "ownership" test to comport with the bases of exempt status established for federal and state income tax purposes. It argues this represents a conscious departure from the "use" or "operation" test of the Constitution of 1921.
The same provision of the 1974 Constitution was construed in Hotel Dieu v. Williams, 403 So.2d 1255 (La.App. 4th Cir. 1981), aff'd, 410 So.2d 1111 (La.1982), which upheld the tax exempt status of an office building owned by Hotel Dieu Hospital. The hospital constructed the building on property adjacent to the hospital as a support facility to provide office space for doctors on the hospital's medical staff, and parking space for both the hospital's and the office building's purposes. The issue in that case was whether the building garage was a commercial venture and, therefore, not entitled to tax exemption. The Fourth Circuit explained that Section 21(B) first exempts all property belonging to a qualified nonprofit corporation, and then excludes from that exemption certain specified propertythat which is "owned, operated, leased or used" for an unrelated commercial purpose. Id. at 1256. Recognizing that the nonprofit purpose of the hospital was to provide medical services to the poor, the Fourth Circuit held that the adjacent building was related to the hospital's nonprofit purpose. Id. at 1259. In affirming the Fourth Circuit, the Supreme Court noted that the lower court had quoted from the records of the Louisiana Constitutional Convention of 1973. It stated, "[t]hese transcripts establish that an operation owned by a nonprofit corporation can retain its exemption even though some of its activities can be classified as commercial." Hotel Dieu v. Williams, 410 So.2d at 1112.
Here, it is undisputed that Comm-Care is a nonprofit corporation organized and operated for health-care purposes. None of its earnings inure to the benefit of its members. Further, Comm-Care is exempt from federal and state income taxes. Finally, the record shows that the ten facilities in question provide long term patient care. While not hospitals, the rooms in these facilities are virtually identical to the typical hospital room. The facilities offer private and semi-private rooms, and four-bed wards. Twenty-four-hour nursing care is provided. The facilities have a director of nurses, assistant director of nurses, RN's and a full staff.
We conclude, just as in Hotel Dieu, that the facilities at issue here are exclusively health care facilities. As such, they are not used for commercial purposes unrelated to Comm-Care's nonprofit purpose. Because the property in question meets all of the criteria of Article VII, § 21(B)(1) of the Louisiana Constitution of 1974, it is exempt from ad valorem taxes. The trial court erred in holding otherwise.

DECREE
For the foregoing reasons, the trial court's judgment is reversed. Judgment is hereby rendered in favor of Comm-Care, decreeing the subject property to be exempt from ad valorem taxes effective January 1, 1996, and ordering a refund of taxes paid under protest for the tax years 1996, 1997, and 1998, together with interest. Costs in the amount of $1,413.51 are assessed to appellees.
REVERSED AND RENDERED.