1 .FITZSIMMONS, J.
In 1998, plaintiff, the Assessor of the First Municipal District of the Parish of Orleans, Patricia A. Johnson, notified the taxpayer-defendant, LaSalle Hotel Operating Partnership, L.P. (LaSalle), of a reassessment of the improvements to its property. The assessor based the reassessed value on a finding that the fair market value of the improvements was $28,900,147. LaSalle applied for review of the fair market value to the New Orleans Board of Review (board). The board set the fair market value at $31,226,780. La-Salle administratively appealed to another defendant in this case, the Louisiana Tax Commission (LTC). After a review of the record before it, the LTC accepted the fair market valuation submitted by LaSalle’s appraiser, Rudolph Schmidt, of $24,836,673.[2] The assessor appealed the LTC decision to the Nineteenth Judicial District Court. The district court reviewed the record on appeal and found that the LTC had “acted arbitrarily and capriciously and ... abused its discretion in an unwarranted fashion.” Additionally, the court stated: “the decision reached was not supported and sustainable by a preponderance of the evidence.” The district court reversed the decision of the LTC and reinstated the assessment of the New Orleans Board of Review of $31,226,780. Defendant, LaSalle, appealed. We reverse, and reinstate the decision of the LTC.
By law, the assessor is required to consider three approaches for fair market valuations: market approach, income approach, and cost approach. See La.R.S. 47:2323. Thus, sales prices may be considered, but are not the sole method for valuation.
For cases on appeal to the LTC, the LTC’s rules provide, as follows: “The [Board of Review] does not forward its appeal hearing evidence to the LTC. The LTC must base its decision only on information submitted by [the taxpayer], the assessor, and/or the LTC staff.” Judicial review of LTC decisions is authorized by La.R.S. 47:1998 A(l) Land governed by La.R.S. 49:964. Comm-Care Corporation v. Louisiana Tax Commission, 99-0709, p. 4 (La.App. 1 Cir. 6/23/00), 762 So.2d 770, 773, writ denied, 2000-2271 (La.10/27/00), 772 So.2d 656. When reviewing decisions of the LTC, the district court acts as an appellate court. Id. The review “shall be confined to the record” before the court. La.R.S. 49:964 F; Comm-Care Corporation, 99-0709 at p. 4, 762 So.2d at 773.
Among the grounds provided for judicial reversal of a decision of the LTC is a finding by the court of review that “substantial rights of the appellant have been prejudiced,” because (1) the decision was “[arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion,” or (2) the decision was “[n]ot supported and sustainable by a preponderance of the evidence. ...” La.R.S. 49:964 G(5) & (6). On judicial appeal of the decision, no deference is owed by the court of appeal to the factual findings and conclusions of law from the district court’s review. See La. Const. art. V, § 5(C); Comm-Care Corporation, 99-709 at p. 5, 762 So.2d at 773; Mayo v. Municipal Police Board of Review, 98-1846, p. 6 (La.App. 1 Cir. 11/5/99), 745 So.2d 188, 191.
A 1998 value appraisal by LaSalle’s real estate appraisal expert, Rudolph Schmidt, and a 1995 value appraisal by an LTC staff appraiser, Jeffrey Crosby,[3] were submitted *1102 to the parties and the LTC. Although a “Thorns” appraisal was discussed, the only exhibit labeled “Thorns Consulting, Inc.” in the record is a sheet entitled “Hotel Valuation Model-Abatements-1998.” Two amounts were circled on that document. The first amount, $27,432,233, was designated as the “taxpayer” total value of the property including land; the other was the “consultant” value of $33,582,282. Admittedly, land was not to be valued in the LaSalle assessment for improvements. The record contains no specific analysis or explanation for the assessor’s or the board’s methods or chosen | ¿.valuations, other than the listing of those valuations in the decision of the LTC, and various pleadings.
The hearing was held on November 11, 1998. At the hearing, Mr. Schmidt explained his appraisal based on the income approach and his conclusion that the fair market value of the improvements as of January of 1998 was $24,836,700. Mr. Schmidt believed that the sales, or market approach, and the cost approach were not suitable for hotel improvement valuation. He explained that those two approaches did not properly allow for the value of personal property and the operating business or “going concern.” In valuing hotel improvements, specifically the building, the hotel’s personal property and “going concern” value should be deducted. Mr. Schmidt also discussed what he considered to be defects in the Crosby appraisal. The Crosby appraisal, which also utilized the income approach, found a 1995 fair market value of $23,341,000. Mr. Schmidt opined that the Crosby appraisal did not properly calculate the value of the “going concern,” or business, operated on the premises. As to the “Thorns” valuation, Mr. Schmidt could not verify some of the underlying data relied on by the appraisal and did not agree with the value given by Thorns to personal property and the “going concern.”
The assessor submitted the testimony of its real estate appraisal expert, Mr. Miller Guice. Mr. Guice stated that the property sold for $40,000,000 in 1996. He did not submit a written appraisal, but testified to a fair market value for the hotel of $33,000,000. Mr. Guice criticized the methodology chosen by Mr. Schmidt, which was based on an article by Mr. Steven Rushmore and Mr. Thomas Arasi.[4] In Mr. Guice’s opinion, the Rushmore-Arasi methodology was not as reliable because it depended on less favorable higher market interest rates than were currently available. With lower rates, he found the valuation of the “going concern” by Mr. Schmidt to be overvalued.
In turn, Mr. Schmidt criticized the Guice valuation for failing to consider fully the functional obsolescence caused by faulty concrete in the construction of the hotel, | ¡¡which rendered parts of the building unusable. Mr. Guice felt that any obsolescence problems were reflected in the 1996 sale price.
The LTC rendered its decision on January 19, 1999. It accepted the fair market value presented by LaSalle, which the LTC listed as $24,836,673. It is this decision that the district court reversed in favor of the board’s valuation of $31,226,780.
Although the LTC does not specifically state the valuation year it used, the *1103 record provides a reasonable basis for the acceptance of the 1998 Schmidt valuation for the reassessment at issue here. In a battle of experts, the LTC relied more on the Schmidt valuation than the Guice valuation or other values submitted by the assessor. With more than one permissible view, we cannot say from our review of the record that the LTC erred in its choice. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). Thus, we see no basis for the district court’s finding that the LTC’s decision was arbitrary, capricious, an abuse of discretion, unsupported by a preponderance of the evidence, or any other basis for reversal under La.R.S. 49:964 G. For these reasons, we reverse the judgment of the district court and reinstate the decision of the LTC. The costs of the appeal, $1251.47, are assessed to plaintiff, the assessor.
REVERSED AND RENDERED.
DOWNING, J., concurs in the result only.

. Although the Schmidt appraisal concluded a value of five dollars more, the appeal application to the LTC, signed by Mr. Schmidt, presented the value of $24,836,673. This value was accepted by the LTC and listed in its decision.

. The assessor argues that the Crosby appraisal was not introduced into evidence. Howev *1102 er, it is clear from the transcript of the LTC hearing that it was submitted as an exhibit. Its own staff member, not the parties, prepared the Crosby appraisal for the LTC. It was referred to and discussed during the hearing, without objection. Additionally, during the hearing, Mr. Schmidt stated that the appraisal had "been submitted by the Tax Commission,” also without objection.

. Stephen Rushmore & Thomas Arasi, Adjusting Comparable Sales for Hotel Assessment Appeals, THE APPRAISAL JOURNAL, July 1986, at 356.