812 So.2d 741 (2002)
Patricia A. JOHNSON, Assessor of the First Municipal District of the Parish of Orleans
v.
NEW ORLEANS CHARITIES BUILDING CORPORATION, and the Louisiana Tax Commission.
No. 2000 CA 2772.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
Rehearing Denied March 25, 2002.
*742 John D. Rawls, New Orleans, Counsel for Plaintiff/Appellant Patricia A. Johnson, Assessor of the First Municipal District of the Parish of Orleans.
Robert D. Hoffman, Jr., New Orleans, Counsel for Defendant/Appellee New Orleans Charities Building.
Vyrona M. Wiltz, Krotz Springs, Counsel for Defendant Louisiana Tax Commission.
Before: WHIPPLE, FOGG, and GUIDRY, JJ.
GUIDRY, J.
A local tax assessor appeals a trial court judgment maintaining the grant of a partial tax exemption in favor of a nonprofit corporation. Based on our review of the law and jurisprudence, we reverse.

FACTS AND PROCEDURAL HISTORY
In November 1989, the New Orleans Charities Building Corporation (NOCBC), a real estate holding company for the J. Edgar Monroe Foundation, purchased a 46,754 square feet, ten-story, commercial office building located at 303-305 Baronne Street in New Orleans, Louisiana. The purpose of the acquisition was to provide essentially free office space to local charities,[1] thereby reducing the operating costs of the charities. After purchasing the building, the J. Edgar Monroe Foundation spent $1.8 million renovating the structure. Both the NOCBC and the J. Edgar Monroe Foundation are classified as charitable organizations under the Internal Revenue Code §§ 501(c)(2) and (3), respectively.
In 1998,[2] the assessor for the First Municipal District, Parish of Orleans, Patricia A. Johnson, calculated the fair market value of the subject property to be $376,000.00, resulting in an ad valorem tax assessment of $42,300.00 for the tax year 1999.[3] NOCBC appealed that assessment to the Orleans Parish Board of Review, contending that the assessor erred in failing to allow for the ad valorem tax exemption granted charitable institutions under La. Const. art. VII § 21(B). NOCBC further contended that because 41.7 percent of the subject property was occupied by recognized charitable institutions, a portion of the property's fair market value equal to that percentage should be exempted from assessment of ad valorem taxes.
The Orleans Parish Board of Review agreed and ruled in favor of the taxpayer, NOCBC. The assessor appealed the ruling to the Louisiana Tax Commission and later to the Nineteenth Judicial District Court, however, both tribunals upheld the decision of the Orleans Parish Board of Review. The assessor now appeals to this court, asserting that the district court erred in finding that NOCBC was properly granted a partial ad valorem tax exemption *743 in accordance with La. Const. art. VII § 21(B).[4]

STANDARD OF REVIEW
Judicial review of this appeal is governed by La. R.S. 49:964(G), which provides, in pertinent part:
G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
The manifest error test of La. R.S. 49:964(G)(6) is used in reviewing facts as found by the agency, as opposed to the arbitrariness test of La. R.S. 49:964(G)(5) used in reviewing conclusions and exercises of agency discretion. Kansas City Southern Railway Company v. Louisiana Tax Commission, 95-2319, p. 3 (La.App. 1st Cir.6/28/96), 676 So.2d 812, 815.
When reviewing an administrative final decision, the district court functions as an appellate court. On review of the district court's judgment, "no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal." Comm-Care Corporation v. Louisiana Tax Commission, 99-0709, pp. 4-5 (La.App. 1st Cir.6/23/00), 762 So.2d 770, 773, writ denied, 00-2271 (La.10/27/00), 772 So.2d 656.

DISCUSSION
The single issue presented in this appeal is whether a nonprofit corporation that leases portions of a single property for commercial purposes unrelated to the corporation's exempt purposes is entitled to a partial exemption from ad valorem taxation for the non-commercially leased portion of that singularly taxed property.
In the case before us, several nonprofit, charitable businesses occupy office space in the subject building owned by NOCBC. However, there are four businesses that lease space in the same building that are not nonprofit entities. Those commercial businesses are an O'Henry's restaurant, an architectural firm, a dentist's office and a barber shop called the "Clip Joint." The *744 businesses pay rental fees ranging from $770.00 to $5,000.00 a month to NOCBC to occupy space in the building. NOCBC avers that the rental fees paid by these businesses are used to defray some of the costs of providing office space to the nonprofit charities occupying the building.
In her arguments to this court and in proceedings below, the assessor contends that the lower tribunals erred in granting a partial tax exemption in favor of NOCBC, maintaining that La. Const. Art. VII, § 21(B) simply does not provide for such a calculation nor does it allow for the granting of any exemption under the circumstances of this case. It is well established that exemptions from taxation are strictly construed against the taxpayer claiming the benefit thereof and must be clearly, unequivocally, and affirmatively established by the taxpayer. Archer Daniels Midland Company v. Parish School Board of the Parish of St. Charles, 01-0511 (La.11/28/01), 802 So.2d 1270, 1278-. Article VII, Section 21 of the Louisiana Constitution of 1974, addresses the ad valorem tax exemption, and provides in pertinent part:
Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * *
(B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; ...
* * *
None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
This provision of the constitution has been interpreted by the courts in Hotel Dieu v. Williams, 403 So.2d 1255 (La. App. 4th Cir.1981), aff'd, 410 So.2d 1111 (La.1982) and specific reference was made to the legislative history of the statute in those cases. Without question, La. Const. art. VII, § 21(B)(1) does provide an ad valorem tax exemption for property "owned by a nonprofit corporation... organized and operated exclusively for ... charitable ... purposes ... and which is declared to be exempt from federal or state income tax; ...." As explained by the court in Board of Administrators of the Tulane Education Fund v. Louisiana Tax Commission, 97-0663, p. 4 (La.App. 4th Cir.10/1/97), 701 So.2d 702, 705, writ denied, 97-2745 (La.1/30/98), 709 So.2d 705, referencing the reasoning in Hotel Dieu, "Section 21(B) first exempts all property belonging to a qualified nonprofit corporation, and then excludes from that exemption certain specified property: that which is `owned, operated, leased, or used' for an unrelated commercial purpose."
It is clear from the decisions of the tribunals below that they have determined, as a factual matter, that the portion of the NOCBC building leased for commercial purposes was unrelated to NOCBC's exempt purposes. That determination has not been appealed by the appellant nor was an answer to the appeal filed by the appellee challenging that determination. Therefore, the only issue to be decided is whether the non-commercially leased portion of the building can be exempt from ad valorem taxation.
*745 Initially, we observe that the exception found in La. Const. art. VII § 21(B) states that none of the property referenced in subsection B shall be exempt if leased for commercial purposes unrelated to the exempt purposes of the nonprofit corporation. Further, considering the legislative history of La. Const. art. VII § 21(B), as partially related in Hotel Dieu, we note that a proportionate application of the exemption was not envisioned by the drafters. Specifically, we cite to the following language from the transcripts of the VIII Records of the Louisiana Constitutional Convention of 1973, in which the provision that the commercial use must be "related to the exempt purposes of the corporation" is explained:
"(I)t's my appreciation of that; that that does not say anyone can make a profit; that simply says that a hospital for example if it operates a cigar stand, or lets someone ... lets a pharmacist operate a pharmacy, or lets a doctor operate a pathology or an X-ray lab inside the hospital, if somebody comes along and says those are commercial purposes, then we aren't going to throw the whole hospital on the tax rolls because those are related purposes."
* * *
If one of these purposes were to be classified as commercial, it would make the whole hospital be subject to taxes even though it is related to the operation of a hospital. So, that's the reason for that last line in there. As long as the hospital is doing something that is related to running a hospital, I don't think that it should lose its exemption even if somebody could classify it as commercial.
Hotel Dieu, 403 So.2d at 1259, n. 1 (emphasis added). A reading of this discussion from the 1973 Convention transcripts clearly indicates that the drafters believed that if for any reason the exemption was found not to apply, it was not to apply to the property in its entirety, not proportionately. The drafters strongly advocated that any commercial use of the otherwise exempt property be further evaluated to consider whether the commercial use is related to the exempt purposes of the nonprofit corporate owner. If so found, as reasoned in the discussion quoted above, the exemption could be maintained as to the whole property, but if not so found, the exemption would be lost as to the whole property.
We are constrained to strictly construe exemptions from taxation against the taxpayer. Here the taxpayer has failed to clearly, unequivocally and affirmatively establish its entitlement to the exemption. Based on our review of both the language of the constitutional provision and the convention debate leading up to its adoption, we conclude that a partial exemption from ad valorem taxation, applied proportionately, is not provided for by La. Const. Art. VII § 21(B).

CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court affirming the decision of the Louisiana Tax Commission and remand to the Louisiana Tax Commission for an assessment of the proper taxes due.
REVERSED AND REMANDED.
NOTES
[1] Evidence in the record states that the charitable entities that occupy office space in the building pay a nominal rental of a dollar a year.
[2] Louisiana Revised Statutes 47:1703(B) provides that "[i]n the Parish of Orleans, the status of real and personal property on the first day of August of each year shall determine its liability for or exemption from taxation for the following calendar year."
[3] When calculating the amount of ad valorem taxes owed, property is assessed at a percentage of the fair market value.
[4] We acknowledge the rulings of the Fourth Circuit in the companion appeals of Johnson v. Louisiana Tax Commission, 01-0964 (La. App. 4th Cir.1/16/02), 807 So.2d 329 and Johnson v. Louisiana Tax Commission, 01-1445 (La.App. 4th Cir.1/16/02), 807 So.2d 356; however, we decline to follow the holdings of those cases.