h PLOTKIN, Judge.
Plaintiff Patricia A. Johnson, Assessor for the First Municipal District of the City of New Orleans, appeals a trial court judgment denying her Petition for Judicial Review relative to the 1997 tax assessment for 755 Magazine Street and affirming the decision of the Louisiana Tax Commission (“LTC”). For the reasons stated below, we affirm.
The property involved in this tax assessment dispute, located at 755 Magazine Street in the City of New Orleans, is owned by defendant La Belle Creole Associates. A five-story renovated historic building that houses the law offices of Deutsch, Kerrigan & Stiles occupies the property; the first floor of the building is used primarily for parking space, while the other four floors house law offices. In 1996, Assessor Johnson assessed the property for tax purposes, setting the fair market value at $3,671,100.
As allowed by LSA-R.S. 47:1992(0, La Belle Creole sought review of the assessment by the Orleans Parish Board of Tax Review (“Board”), arguing that the correct fair market value of the property with improvements was $1,011,040 on [ ¡January 1, 1995. According to a document in the record entitled “Louisiana Tax Commission (LTC) Appeals” — General Outline, *16 Louisiana Ad Valorem (Property Tax Assessments, Income Producing Properties), “the current valuation date [is] January 1, 1995, the official reappraisal date on which assessments are based.” The Board agreed with La Belle Creole and lowered the assessed value of the property and improvements to $1,011,040.
As allowed by LSA-R.S. 47:1989(A), Assessor Johnson sought review of the action taken by the Board by the LTC. Following a hearing, the LTC issued Findings of Fact and Reasons for Decision, rejecting Assessor Johnson’s assessment and assessing the property at $1,011,040.
As allowed by LSA-R.S. 47:1998, Assessor Johnson then sought judicial review of the decision of the LTC. After hearing argument from Assessor Johnson and from La Belle Creole Associates, the trial court denied Assessor Johnson’s Petition for Judicial Review and affirmed the LTC’s assessment of $1,011,04o.[1] Assessor Johnson appeals to this court.
The extent of judicial review of a decision of the LTC is governed by LSA-R.S. 49:964, part of the Administrative Procedure Act, LSA-R.S. 49:950 et seq. Panacon v. Louisiana Tax Commission, 97-2098, p. 4 (La.App. 1 Cir. 1/8/99), 747 So.2d 572, 574. Under the provisions of LSA-R.S. 49:964(F), judicial review is confined to the record established before the LTC. Id. Moreover, LSA-R.S. 49:964(G) provides as follows:
LG. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decision are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
The manifest error rule established by LSA-R.S. 49:964(G)(6) applies to judicial review of the facts found by administrative agencies, rather than the arbitrariness test used to review conclusions and exercises of agency discretion. Panacon, 97-2093 at 4, 747 So.2d at 574.
At the hearing in the trial court, the trial judge questioned Assessor Johnson’s attorney concerning the existence of one of the above-listed circumstances allowing reversal or modification of an agency decision. Although Assessor Johnson’s attorney made some vague statements concerning constitutional rights of the people who benefit from the taxes, no specific circumstance for reversal or modification was identified. On appeal, Assessor Johnson asserts that the LTC was manifestly erroneous in assessing the property at $1,011, 040 when its own staff appraiser valued the property at $1,208,600. Moreover, Assessor Johnson claims that the LTC failed to give adequate explanation for its decision to assess the building at $1,011,040.
*17 All parties to this controversy agree that the value of the land in question is $395,100. However, their determinations regarding the value of the improvements |4on the property are widely disparate. At the hearing before the LTC, the attorneys, parties, and witnesses engaged in extensive discussion relative to the exact renta-ble square footage of the five-story building. However, LTC’s staff appraiser, Mike Allen, CLAA, testified that he physically measured the building and calculated the appraised value on the basis of all three acceptable methods for establishing the fair market value of property-i.e., the market approach, the cost approach, and the income approach. See LSA-R.S. 47:2323(C). After considering all his findings, Mr. Allen submitted a report to the LTC estimating the fair market value of 755 Magazine Street at $1,208,600.
In its “Findings of Fact and Reasons for Decision,” the LTC summarized the various “fair market values” presented at the hearing as follows:
LAND: IMPROVEMENTS: TOTAL
Assessor $395,100 $3,275,900 $3,671,000
Taxpayer 395,100 615,940 1,011,040
Board of Review 395,100 615,940 1,011,040
LTC Staff 395,100 813,500 1,208,600
The LTC then concluded as follows:
Therefore, applying its experience technical competence, and specialized ad valorem knowledge, and based upon the entire testimony and evidence entered into the record, the Louisiana Tax Commission finds the Fair Market Value of this property to be:
LAND IMPROVEMENTS TOTAL $395,100 $ 615,940 $1,011,040
Assessor Johnson suggests that the LTC’s statements, quoted above, are insufficient to support the trial court’s denial of her Petition for Judicial Review and affirmation of the LTC’s assessment. However, other than her own ^assessment, which is grossly out of line with all the other evidence presented before the LTC, Assessor Johnson provides no proof to support her argument that the LTC’s decision was manifestly erroneous. Finding no manifest error on the basis of the record before us, we affirm the trial court judgment.
AFFIRMED.

. At the trial court level, this case was consolidated with Assessor Johnson's appeal of an LTC decision relative to the 1998 assessment for the same property, also for $1,011,040. However, as the trial court remanded that case, it is not an issue in the instant appeal.