831 So.2d 1005 (2002)
EOP NEW ORLEANS, L.L.C.
v.
LOUISIANA TAX COMMISSION and Patricia Johnson, Assessor for the First Municipal District of Orleans Parish, Louisiana.
No. 2001 CA 2966.
Court of Appeal of Louisiana, First Circuit.
August 14, 2002.
Writ Denied November 27, 2002.
*1006 James M. Garner, Darnell Bludworth, New Orleans, for Plaintiff-Appellant/Appellee EOP New Orleans, L.L.C.
Rockne L. Moseley, New Orleans, for Defendant-Appellee/Appellant Darren Mire, Assessor for the First Municipal District of Orleans Parish, Louisiana.
Vyrona M. Wiltz, Krotz Springs, for Defendant-Appellee Louisiana Tax Commission.
Before: CARTER, C.J., PARRO and CLAIBORNE,[1] JJ.
CLAIBORNE, J.
Plaintiff, EOP New Orleans, L.L.C. (EOP), and defendant, Patricia A. Johnson, Assessor for the First Municipal District of Orleans Parish (Assessor),[2] appeal the judgment of the district court affirming the fair market value assigned by the Louisiana Tax Commission (LTC) to certain property owned by EOP. For the reasons that follow, we affirm the judgment of the district court.

FACTS AND PROCEDURAL HISTORY
EOP is the owner of certain property commonly known as the LL & E Building located at 909 Poydras Street in New Orleans. *1007 In August 2000, the Assessor set the fair market value of the property for the 2001 tax year at $62,220,000. EOP contested this valuation by timely filing a complaint with the Board of Review for Orleans Parish, claiming that the actual fair market value of the property was $32,013,700. The Board of Review affirmed the Assessor's valuation of the property. EOP was still dissatisfied with the value set by the Assessor and affirmed by the Board of Review and filed an appeal with the LTC.
The LTC conducted a hearing on this appeal on December 6, 2000, at which EOP submitted both testimony and documentary evidence in support of its proposed valuation of the property. In addition, because an appeal hearing concerning the valuation of the same property had been conducted before the LTC in 1999, EOP introduced relevant portions of the transcript of that proceeding in an effort to expedite the process.
Ms. Johnson did not personally testify at the hearing before the LTC. Instead, the Deputy Assessor, Brenda Brown, appeared on behalf of the Assessor's office and read a statement concerning the valuation of the property into the record. Ms. Brown did not prepare this statement or the property valuation herself. EOP objected to the admissibility of this statement as hearsay due to Ms. Brown's lack of personal knowledge of the assessment. The LTC allowed the statement to stand.
The LTC submitted the 1999 and 2000 value recap statements and appraisal prepared by its staff appraiser, Warren Merihew. Mr. Merihew opined that the fair market value of the building was $40,463,383. The LTC did not present any oral testimony from Mr. Merihew or other witnesses. Although the LTC's written decision stated that Mr. Merihew was present and available to testify, he did not testify at this hearing, as he was not called by either EOP or the Assessor. The LTC staff appraisal was available to all parties prior to the hearing and was introduced into the record without objection.
The LTC took the matter under advisement and ultimately rendered a written decision setting the fair market value of the property at $40,463,383 in accordance with the valuation provided by Mr. Merihew. EOP sought judicial review of this decision by filing a petition in the 19th Judicial District Court pursuant to La. R.S. 47:1998 and 2110. The Assessor filed an answer to the petition and a reconventional demand,[3] seeking to have the decision of the LTC reversed and the Assessor's original valuation of the property reinstated. After reviewing the record and briefs, and considering the oral arguments of the parties,[4] the district court denied the appeals of EOP and the Assessor and affirmed the decision of the LTC, which set the fair market value of the property at $40,463,383. EOP appealed the judgment, and the Assessor has answered the appeal.

STANDARD OF REVIEW
Judicial review of LTC decisions is authorized by La. R.S. 47:1998A(1). The extent of that review is governed by La. R.S. 49:964F and G. Panacon v. Louisiana Tax Commission, 97-2093, p. 4 (La.App. *1008 1st Cir.1/8/99), 747 So.2d 572, 573-74. La. R.S. 49:964F confines judicial review to the record established before the agency. Pursuant to La. R.S. 49:964G, the district court may affirm or remand the decision of the agency, while the reversal or modification of that decision requires that additional conditions be met.
Prior to its amendment in 1997, La. R.S. 49:964G restricted reversal or modification of agency decisions to instances in which substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of [sic] the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
This provision was amended by 1997 La. Acts, No. 128, which became effective on June 12, 1997. Pursuant to the revision, paragraph (6) of La. R.S. 49:964G now authorizes reversal or modification of an agency decision when substantial rights of the appellant are prejudiced because the administrative findings, inferences, conclusions, or decisions are "[n]ot supported and sustainable by a preponderance of evidence as determined by the reviewing court." The amendment further provides that in applying this rule, the reviewing court "shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review." While this amended provision appears to provide for a de novo review of the agency decision, it is not without restriction. In fact, paragraph (6) also provides for due deference to be given to the agency's determinations of credibility when it has had the opportunity to observe the testimony of witnesses in person and the reviewing court has not. See current La. R.S. 49:964G(6).
Where, as here, the court is called on to review the facts as found by the agency, the test of Section 964G(6) is used. See Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152, 1159 (La.1984); Panacon, 97-2093 at p. 4, 747 So.2d at 574.
When reviewing a final decision of an agency, the district court functions as an appellate court. An aggrieved party may obtain review of any final judgment of the district court by appeal to the appropriate court of appeal. See La. R.S. 49:965. On review of the district court's judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of a court of appeal. Comm-Care Corp. v. Louisiana Tax Commission, 99-0709, pp. 4-5 (La.App. 1st Cir.6/23/00), 762 So.2d 770, 773, writ denied, 2000-2271 (La.10/27/00), 772 So.2d 656; See also, La. Const. art. V, § 5(C).

DISCUSSION
The valuation of property for taxation purposes is governed by both constitutional and statutory provisions. Article VII, *1009 Section 18(D) of the Louisiana Constitution provides that each assessor is to determine the fair market value of all property subject to taxation in his parish or district, at intervals of not more than four years. See La. Const. art. VII, § 18(F). The Louisiana Constitution also requires that the fair market value be determined in accordance with criteria established by law and applied uniformly throughout the state. See La. Const. art. VII, § 18(D).
La. R.S. 47:2321 defines fair market value as follows:
Fair market value is the price for property which would be agreed upon between a willing and informed buyer and a willing and informed seller under usual and ordinary circumstances; it shall be the highest price estimated in terms of money which property will bring if exposed for sale on the open market with reasonable time allowed to find a purchaser who is buying with knowledge of all the uses and purposes to which the property is best adapted and for which it can be legally used.
La. R.S. 47:2323(C) provides as follows:
The fair market value of real and personal property shall be determined by the following generally recognized appraisal procedures: the market approach, the cost approach, and/or the income approach.
(1) In utilizing the market approach, the assessor shall use an appraisal technique in which the market value estimate is predicated upon prices paid in actual market transaction and current listings.
(2) In utilizing the cost approach, the assessor shall use a method in which the value of a property is derived by estimating the replacement or reproduction cost of the improvements; deducting therefrom the estimated depreciation; and then adding the market value of the land, if any.
(3) In utilizing the income approach, the assessor shall use an appraisal technique in which the anticipated net income is processed to indicate the capital amount of the investment which produces the net income.
In this matter, the district court reviewed the entire record and affirmed the decision of the LTC. EOP and the Assessor both argue that the district court's judgment was improper because the decision of the LTC was not supported by a preponderance of the evidence. We disagree.
The LTC staff appraiser's report contained the information and supporting data he used in order to arrive at the fair market value he assigned to the property. In this report, Mr. Merihew determined that, of the three methods for setting the fair market value of property, the income approach was the most appropriate for the property at issue. Based on that determination and the supporting data he used, Mr. Merihew arrived at the fair market value of $40,463,383. This valuation was accepted into evidence by the LTC without objection. Furthermore, neither EOP nor the Assessor took the opportunity to cross-examine Mr. Merihew on his methodology or the supporting data and figures.
This case is distinguishable from Panacon, 97-2093, 747 So.2d 572, in which this court reversed the district court's affirmance of the LTC's decision and remanded the case for additional evidence. In that case, the court determined that it was error for the LTC to adopt the staff appraiser's valuation because it was not reasonably supported by the record in the absence of testimony by the staff appraiser and the supporting data used in formulating the appraisal.
In the present case, Mr. Merihew, although available, was not called to testify by either side. However, his report did contain the necessary supporting data. *1010 One of EOP's witnesses even testified as to the methodology used by Mr. Merihew and disputed the cap rate he used in appraising the property. EOP and the Assessor simply failed to call Mr. Merihew in order to cross-examine him regarding his appraisal. Therefore, the conditions necessary for reversal under La. R.S. 49:964G(6) were not satisfied in this case.

CONCLUSION
Considering the entirety of the evidence in the record and the credibility decisions obviously made by the LTC, to which we are obligated to give due deference, we find that the LTC's decision to set the fair market value of the property at $40,463,383 is amply supported by a preponderance of the evidence. For the foregoing reasons, we affirm the judgment of the district court, which affirmed the decision of the Louisiana Tax Commission. All costs of this appeal in the amount of $1,786 are assessed equally to EOP New Orleans, L.L.C. and the Assessor for the First Municipal Court of Orleans Parish.
AFFIRMED.
PARRO, J., concurs.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Patricia A. Johnson was the Assessor for the First Municipal District at the time the pertinent assessment and valuation of the property was made. At the time of oral argument before this court, however, Ms. Johnson was no longer the Assessor, having been replaced by Darren Mire. Mr. Mire filed a motion to substitute counsel and Assessor on the morning of oral arguments, which was granted by this court.
[3] Since the district court was reviewing the case under its appellate jurisdiction, the Assessor's pleadings were essentially an answer to the appeal of EOP and not a reconventional demand. A reconventional demand is not a proper pleading in an appellate court.
[4] In its written reasons for judgment, the district court refers to oral arguments of the parties. No such arguments have been made a part of the record before this court.