J^STEVEN R. PLOTKIN, Judge.
This is an appeal in a property tax assessment case. Saratoga Building, LLC, defendant-appellant, appeals the trial court’s decision upholding the Assessor’s determination of the value of the commercial office building located at 212 Loyola Avenue in New Orleans, Louisiana. For the reasons below, we reverse the holding of the trial court and reinstate the decision of the Louisiana Tax Commission (“LTC”) determining the value of appellant’s property at $1,400,000.
The Assessor determined the assessment of the property based upon its fair market value of the property in this ease to be $3,796,600 for the tax years 2000 and 2001. Saratoga proposed that the assessment of the property based upon its fair market value of $1,065,013 for the tax years 2000 and 2001. As to the tax year 2000, the Assessor and Saratoga agreed to a settlement with the property valued at $1,400,000. Assessor Johnson assessed the property for tax purposes, setting the assessment at $3,796,000 for tax year 2001. Pursuant to LSA-R.S. 47:1992(C), Sarato-ga sought review of this assessment to the Orleans Parish Board of Tax Review. The Board upheld the $3,796,000 assessment. Saratoga appealed this decision to the Louisiana Tax Commission. The Commission overturned the Board’s decision and determined the value of the property for tax year 2001 was | ¡>$1,400,000. The Assessor then filed suit for judicial review in Orleans Parish Civil District Court. The trial judge concluded that the assessed value of the property for the 2001 tax year was $3,796,600. Saratoga appeals to this Court.
In this case, we are reviewing the district court’s appellate review of a decision of a state agency, the LTC, under La. R.S. 49:964. Under La. R.S. 49:964(G) the trial court’s review of the LTC’s decisions is defined as follows:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decision are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly-erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of this rule, where the agency has the opportunity to judge the credibility of witnesses by first *96 hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
La. R.S. 49:964(G); Johnson v. La Belle Creole Associates, 2000-0630, p. 3 (La.App. 4 Cir. 1/10/01), 779 So.2d 15, 16.
According to the record, the only question for review is whether the LTC was manifestly erroneous in making its factual determination as to the assessed value of the property; and, therefore, La. R.S. 49:964(0(6) applies. Johnson, 2000-0630 at p. 3, 779 So.2d at 16. Because the district court reviews the LTC’s decision under an abuse of discretion standard, this Court | Sreviews the district court’s decision de novo, applying the same abuse of discretion standard applicable to the trial court.
In the instant case both the appellant and appellee presented competing methodologies used in their respective valuations of the property in question. Clearly, the LTC chose to credit the “income approach” used by the appellant, which yielded a lower assessed value and took into account the poor condition and lack of use of a majority of the property. Upon viewing the record, we find no evidence to suggest that LTC’s determination was manifestly erroneous in this regard. Therefore, the trial court was erroneous in reversing the decision of the LTC under La. R.S. 49:964.
Thus, the ruling of the trial court is reversed and we reinstate the decision of the Louisiana Tax Commission determining the proper assessed value of appellant’s property at $1,400,000.
VACATED AND REVERSED.
ARMSTRONG, J., dissents.