I,SOL GOTHARD, Judge.
Defendant, Louisiana Motor Vehicle Commission (“LMVC”), appeals from a decision of the district court that reduced a fine imposed on plaintiff, Giles Automotive, Inc. (“Giles”). For reasons that follow, we affirm the decision of the district court.
In May of 2000, Giles was cited by the LMVC, after a complaint was filed by Du-plessis Cadillac-Volvo, a motor vehicle dealer, and Ron Duplessis. An administrative hearing was conducted on December 10, 2001, and the LMVC assessed a penalty against Giles of $20,000.00. Giles filed for review with the district court pursuant to La. R.S. 49:964(G). A review hearing was held August 27, 2002, and at its conclusion the trial court reduced the penalty to $2,500.00. The LMVC appeals to this court.
At the administrative hearing of December 10, 2001, Giles stipulated that he registered the domain name of DuplessisVol-vo.com. Thereafter, he directed the domain name to the Duplessis website. The registration was done on April 18th, and Giles directed the domain name to the Duplessis website on April 19th. Duplessis stated that the “problem” was resolved on the following Tuesday, or a duration of four days. There were no instances of misdirection and no damage done to Duplessis. The domain name was deleted approximately one month later.
| -¡The LMVC enforced the maximum penalty of $5,000.00 per day for four days, for a total penalty of $20,000.00.
In this appeal, the LMVC argues that the trial court erred in modifying its judgment without a stated finding that the substantial rights of Giles had been prejudiced.
We are reviewing the district court’s appellate review of a decision of a state agency, the LMVC, under La. R.S. 49:964. Under La. R.S. 49:964(G) the trial court’s review of the LMVC’s decisions is defined as follows:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decision are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of this rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
Johnson v. Saratoga Building, LLC, 02-0780 (La.App. 4 Cir. 12/30/02), 837 So.2d 94, 95.
In our review of the district court’s judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no *1093 deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of a court of appeal. EOP New Orleans, L.L.C. v. La. Tax Comm’n, 01-2966 (La.App. 1 Cir, 08/14/02), 831 So.2d 1005, writ denied 2002-2394, 2002-2395, 2002-2661 (11/27/02), 831 So.2d 289.
Thus, we do not need to consider whether the trial court erred in reducing the penalties without a finding of prejudice to the substantial rights of the appellee. RRather we conduct a de novo review of the administrative agency’s decision pursuant to La. R.S. 49:964. In our review, we determine that the administrative agency was manifestly erroneous in finding that Giles’s violation was of a four day, rather that a one day duration, and that the offense warranted the maximum penalty allowed. The evidence reflected that the domain name was directed to Duplessis’s website one day later, so that there was a potential of misdirection for only one day. The evidence also established that there were no incidents of misdirection as a result of the illegal registration. Further, Duplessis stated that he suffered no damage as a result of the illegal registration. Under these facts, we find that the administrative hearing committee committed manifest error in assessing the maximum penalty of $5,000.00 per day for four days. Rather, the facts show a one day violation. Furthermore, the facts do not support the imposition of the maximum penalty in this case and we agree with the trial court’s assessment that a penalty of $2,500.00 is warranted in this case.
For the above discussed reasons, the decision of the trial court reducing the penalty assessed by the LMVC against Giles to $2,500.00 is affirmed.

AFFIRMED.