| | | |
|---|---|---|
| **ERROLL G. WILLIAMS, ASSESSOR OF ORLEANS PARISH** | * | **NO. 2023-CA-0079** |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **LOUISIANA TAX COMMISSION AND VAL C. CUPIT** | * | |
| | | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-03092, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Karen
K. Herman)

Suzanne Haik Terrell
Mitchell Hasenkampf
HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street
Suite 310
New Orleans, LA 70139


      COUNSEL FOR PLAINTIFF/APPELLANT


Franklin "Drew" Hoffmann
Jordan S. Varnado
FAIRCLOTH MELTON SOBEK & BASH, LLC
9026 Jefferson Highway
Suite 200
Baton Rouge, LA 70809


      COUNSEL FOR DEFENDANT/APPELLEE, The Louisiana Tax
Commission

Charles Emile Bruneau, Jr.
ATTORNEY AT LAW
6979 Argonne Blvd.
New Orleans, LA 70124-4026


COUNSEL FOR DEFENDANT/APPELLEE, Val C. Cupit




**AFFIRMED**

**NOVEMBER 28, 2023**

*DLD*
*PAB*
*KKH*

This appeal involves a dispute regarding an assessment of property by the Orleans Parish Assessor, Erroll Williams. The subject property is a vacant lot located in the Lakeview neighborhood of New Orleans on General Diaz Street. The taxpayer who owns the lot, Val C. Cupit, also owns and lives in the house on the property next door. Her house and the house on the subject property were both destroyed in Hurricane Katrina in 2005. Ms. Cupit chose to rebuild her home but her neighbor did not. Ms. Cupit bought the adjacent lot in 2016 after the dwelling formerly located there was demolished by the previous owner.

For the tax year 2020, the Assessor valued the subject property at $152,500, an increase from the $109,800 assessment of the previous year. Ms. Cupit (hereinafter referred to as "the taxpayer") protested the valuation to the Orleans Parish Board of Review ("the Board of Review"). The Board of Review upheld the Assessor's valuation and the taxpayer then protested the valuation to the Louisiana Tax Commission ("the Commission"), requesting that the valuation be lowered to $110,000. Following an administrative trial, the Commission found that the subject property had been inequitably assessed as compared with similarly situated comparable properties, reasoning that "a fair and equitable assessment

1

must take into account the varying conditions of Lakeview's streets and the fact that the subject property consists of merely greenspace." The Commission also noted that "the Assessor offered no explanation or justification for his valuation/assessment of the subject property." The Commission reduced the valuation of the property to $110,000. Judicial review of that ruling was not sought.

For the tax year 2021, the Assessor again valued the property at $152,500. The taxpayer protested to the Board of Review, which reduced the valuation to $110,000 in accordance with the Commission's valuation from the previous year. The Assessor filed a protest with the Commission challenging the Board of Review's reduction. Following an administrative hearing, the Commission affirmed the decision of the Board of Review in favor of the taxpayer.

In the Commission's reasons for so ruling, it noted that evidence presented by the taxpayer included testimony that the subject lot essentially acts as a retention pond and is used as greenspace only, which differed from surrounding comparable properties that are residential. Testimony was also presented on behalf of the taxpayer to establish that the vacant lot is surrounded by streets that are in very poor condition. The Commission also considered evidence presented by the Assessor in support of his position that no reduction in value is warranted given the size of the subject land and the overall market of similarly situated properties. The Commission also considered evidence of an independent appraisal by a staff appraiser for the Commission, which appraisal determined a higher fair market value than that determined by the Assessor. After evaluating the credibility of the witnesses, along with testimony, documents and exhibits presented at the hearing, the Commission adopted and reaffirmed its reasoning for its decision for the tax

year 2020, and noted that the evidence and testimony presented by the taxpayer supported a significantly lower value than that determined by the Assessor.

The Assessor filed a request for rehearing of the Commission's ruling. In denying this request, the Commission stated that the Assessor failed to submit sufficient evidence to contradict the Commission's determination and ruling for the 2020 tax year. In response to the Assessor's argument that the Commission's ruling is "clearly contrary to the legal mandate to assess properties uniformly," the Commission noted that "[n]either the Louisiana Constitution nor Revised Statutes mandate that all land, regardless of location, size, use, and the like, be valued at a 'uniform' price per square foot with[in] a neighborhood or any other geographic area." While stating that Assessors are constitutionally required to assess property at fair market value, the Commission noted that not all land is equal in value. The Commission stated that because it is charged with reviewing the correctness of the subject assessment, it is not bound by the Assessor's determination of a "uniform" price per square foot of land within a certain neighborhood or any other geographic area.

Following the denial of the Assessor's request for rehearing, the Assessor filed a petition for judicial review in Civil District Court challenging the Commission's decision. At the conclusion of the hearing on the petition for judicial review, the trial court ruled in favor of the Commission and stated the following reasons for her ruling:

> I think that the appellant [Assessor] has failed to demonstrate that the Tax Commission was arbitrary or capricious in its decision. I think that the appellant [failed] to present the Commission with acceptable evidence and also failed to adjust the valuation based on the different stakes of each lot and their surroundings. I am not here to rehear this case. I am supposed to look at what was presented. I think that the Tax Commission's decision is affirmed.

3

By judgment dated October 21, 2022, the trial court affirmed the decision of the Commission and dismissed the Assessor's petition with prejudice. This appeal by the Assessor followed.

On appeal, the Assessor sets forth four assignments of error:

1) The trial court erred by concluding that La. R.S. 47:2323 [listing criteria for determining fair market value of property] does not apply to the Commission;

2) The trial court erred in its application of the Administrative Procedures Act in limiting its review of the administrative record to an arbitrary and capricious standard;

3) The trial court erred in its review of the administrative record in concluding the Assessor failed to demonstrate that the Commission was arbitrary or capricious in its decision; and

4) The trial court erred in its review of the administrative record in concluding that the Assessor failed to present the Commission with acceptable evidence supporting his original valuation.

The Assessor summarizes the issues presented for review in this appeal as follows:

1) Whether the Commission may reduce an assessment for equitable purposes rather than a determination of fair market value;

2) Whether the Commission may depart from the definition of fair market value in La. R.S 47:2321 and the criteria for determining fair market value in La. R.S. 47:2323(C) in overturning an assessment; and

3) Whether the Commission's decision departing from a determination of fair market value consistent with La. R.S. 47:2321 and 47:2323 should be overturned pursuant to La. R.S. 49:978.1(G) for being:

   a. Arbitrary and capricious;

   b. An abuse of discretion;

   c. In excess of the statutory authority of the agency; and/or

   d. Not supported by a preponderance of the evidence

4

The Assessor contends that the Commission departed from the definition of fair market value and the criteria for determining the same in overturning the assessment reached by the Assessor.  The Assessor argues that the Commission does not have the discretion to reduce an assessment for equitable purposes rather than make a determination of fair market value, and that fair market value must be determined pursuant to La. R.S. 47:2321 and 47:2323.  According to the Assessor, the Commission's ruling contains substantial legal error and therefore is not entitled to a deferential standard of review.

Louisiana Constitution Article VII, section 18(D) provides, in pertinent part:

> Each assessor shall determine the fair market value of all property subject to taxation within his respective parish or district except public service properties, which shall be valued at fair market value by the Louisiana Tax Commission or its successor. . . . Fair market value and use value of property shall be determined in accordance with criteria which shall be established by law and which shall apply uniformly throughout the state.

Louisiana Constitution Article VII, section 18(E) provides:

> The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.

"Fair market value" is defined in La. R.S. 47:2321 as follows:

> Fair market value is the price for property which would be agreed upon between a willing and informed buyer and a willing and informed seller under usual and ordinary circumstances; it shall be the highest price estimated in terms of money which property will bring if exposed for sale on the open market with reasonable time allowed to find a purchaser who is buying with knowledge of all the uses and purposes to which the property is best adapted and for which it can be legally used.

La. R.S. 47:2323 states, in pertinent part:

> A. The criteria for determining fair market value shall apply uniformly throughout the state. Uniform guidelines, procedures and rules and regulations as are necessary to implement said criteria shall be

5

adopted by the Louisiana Tax Commission only after public hearings held pursuant to the Administrative Procedure Act.[1]

B. Each assessor shall follow the uniform guidelines, procedures, and rules and regulations in determining the fair market value of all property subject to taxation within his respective parish or district. Any manual or manuals used by an assessor shall be subject to approval by the Louisiana Tax Commission or its successor agency.

C. Criteria.

The fair market value of real and personal property shall be determined by the following generally recognized appraisal procedures: the market approach, the cost approach, and/or the income approach.

(1) In utilizing the market approach, the assessor shall use an appraisal technique in which the market value estimate is predicated upon prices paid in actual market transactions and current listings.

(2) In utilizing the cost approach, the assessor shall use a method in which the value of a property is derived by estimating the replacement or reproduction cost of the improvements; deducting therefrom the estimated depreciation; and then adding the market value of the land, if any.

(3) In utilizing the income approach, the assessor shall use an appraisal technique in which the anticipated net income is capitalized to indicate the capital amount of the investment which produces the net income.

The Louisiana Supreme Court clarified the Commission's role and authority in the assessment process in *Williams v. Opportunity Homes Ltd. P'Ship*, 2017-0955 (La. 3/13/18), 240 So.3d 161, as follows:

The responsibility of the Commission as the supervisory state agency over parish tax assessors is clear. *See also* La. R.S. 47:1957(A) ("All taxable property in the state, except public service properties, shall be assessed by the several assessors. The assessors shall be responsible, ***under the supervision of the tax commission***, for listing and assessing all property within their respective parishes, except such property as is subject to direct assessment by the tax commission . . . .") (emphasis added); La. R.S. 47:1990 ("The tax commission may

---

[1] La. R.S. 49:950 *et seq.*

change or correct any and all assessments of property for the purpose of taxation, in order to make the assessments conform to the true and correct valuation . . . ."); *Palmer v. Louisiana Forestry Commission*, 97-0244 (La. 10/21/97), 701 So.2d 1300, 1303 ("When the legislature has declared its will and fixed a 'primary standard,' agencies such as the Commissions in the case sub judice have the power to 'fill up the details.' ").

*Williams*, 2017-0955, p. 5, 240 So.3d at 165, n. 3 (alteration in original).

In *Axiall, LLC v. Assumption Par. Bd. of Rev.*, 2018-0542 (La. App. 1 Cir. 12/30/19), 302 So.3d 1136, the First Circuit stated:

> When reviewing a final decision of an agency, the district court functions as an appellate court. *201 St. Charles Place, LLC,* [v. *Louisiana Tax Commission*, unpub. 16-0510, p. 6 (La.App. 1 Cir. 2/17/17), 2017 WL 658752 at *3; *EOP New Orleans, L.L.C. v. Louisiana Tax Comm'n*, 01-2966 (La.App. 1 Cir. 8/14/02), 831 So.2d 1005, 1008, *writ denied[,]* 02-2395 (La. 11/27/02), 831 So.2d 286. An aggrieved party may obtain review of any final judgment of the district court by appeal to the appropriate court of appeal. *See* LSA-R.S. 49:965. On review of the district court's judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of a court of appeal. *EOP New Orleans, L.L.C.*, 831 So.2d at 1008. The reviewing court shall make its own determination and conclusions of fact by a preponderance of the evidence, based upon its own evaluation of the record reviewed in its entirety upon judicial review. *Williams* [v. *Opportunity Homes Limited Partnership*, 17-0955 (La. 3/13/18)] 240 So.3d at 166. Consequently, this court will conduct its own independent review of the record in accordance with the standards provided in LSA-R.S. 49:964G.

*Axiall, LLC*, 2018-0542, pp. 7-8, 302 So.3d at 1142.

In *D90 Energy, LLC v. Jefferson Davis Par. Bd. of Rev.*, 2020-00200 (La. 10/1/20), 341 So.3d 492, the Louisiana Supreme Court stated:

> The scope of judicial review of agency adjudications is governed by Louisiana Revised Statutes 49:964(F) and (G). Section (F) confines that review to the administrative record established before the Commission. *Williams v. Opportunity Homes Limited Partnership*, 17-0955 (La. 3/13/18), 240 So. 3d 161. Thus, the Assessor's argument that his valuations are entitled to deferential review is misplaced, as

the law provides for judicial review of the administrative record established before the Commission and of the final determinations made by the Commission. Section (G) sets forth the standard for judicial review:

The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

*D90 Energy, LLC*, 2020-00200, pp. 8-9, 341 So.3d at 498-499.

In determining the fair market value of the subject property in this matter, the Assessor utilized the market approach, which is described in La. R.S. 47:2323(C)(1) as using "an appraisal technique in which the market value estimate is predicated upon prices paid in actual market transactions and current listings." The Assessor presented evidence to the Commission of appraisals of properties that the Assessor determined to be comparable to the subject lot. The taxpayer presented evidence to the Commission of other factors specific to this property, which the taxpayer alleged justified a lower assessed value than that determined by

the Assessor. This information provided by the taxpayer included evidence that this lot has only been used as greenspace and for water retention since the taxpayer purchased it in 2016. Additionally, the taxpayer provided evidence of the deplorable condition of the streets near this vacant lot.

The above-stated provisions of the Louisiana Constitution and Louisiana Revised Statutes establish a process by which an Assessor determines the fair market value of property subject to taxation, and the correctness of that assessment is subject to review first by the parish governing authority, then by the Commission or its successor, and finally by the courts. Given the Commission's established supervisory authority over the Assessor and, in this case, the Board of Review, we conclude that it was within the Commission's authority to consider the evidence presented by the taxpayer that was specific to the property at issue in addition to the evidence presented by the Assessor and the Commission in determining the correctness of the assessment reached by the Assessor.

The Assessor also argues that the Commission's ruling in favor of the taxpayer herein should be overturned pursuant to La. R.S. 49:978.1(G) for being arbitrary or capricious, an abuse of discretion, in excess of the statutory authority of the agency, and/or not supported by a preponderance of the evidence. As stated above, we find that the Commission did not exceed its authority in considering evidence presented by the taxpayer in addition to the Assessor's evidence regarding his determination of fair market value of this subject property.

The Assessor contends that he presented competent evidence to support his valuation of the property. The Assessor does not dispute that the current use of the taxpayer's property is for greenspace. However, the Assessor contends that a fair market value determination must take into account "all of the uses and purposes to

9

which the property is adapted and for which it can be legally used," citing La. R.S. 47:2321.

The record also shows that the taxpayer presented competent evidence to support a lower valuation of her property than that determined by the market approach utilized by the Assessor. Specifically, the taxpayer presented evidence as to features of her property that distinguish it from properties found to be comparable by the Assessor. The taxpayer argues that by valuing all raw land in Lakeview at the same price per square foot, the Assessor inequitably valued her property by failing to take into account the varying condition of streets in Lakeview and the usage of the lot as greenspace rather than a lot for sale/building purposes.

In ruling in favor of the taxpayer, the Commission noted that it "evaluated the credibility of the witnesses through the Commission's first-hand observation of their demeanor while testifying, and this decision is based upon those observations, the testimony given, and the documents and exhibits provided during the hearing." As for the Assessor's argument that the trial court improperly limited the review of the administrative record to an arbitrary or capricious standard, we note that the Assessor is referring to statements made by the trial court that are not in the judgment being reviewed. "[R]easons for judgment do not form part of the judgment, and appellate courts review judgments, not reasons for judgment." *Wooley v. Lucksinger*, 2009-0571, p. 77 (La. 4/1/11), 61 So.3d 507, 572, (first citing *Bellard v. American Cent. Ins. Co.*, 2007-1335, p. 25 (La. 4/18/08), 980 So.2d 654, 671; and then citing *Greater New Orleans Expressway Commission v. Olivier*, 2002-2795, p. 3 (La. 11/18/03), 860 So.2d 22, 24).

Considering the entirety of the record, the credibility determinations made by the Commission and the applicable law, we find no merit in the Assessor's argument that the Commission's ruling should be reversed. Considering the factors for judicial review of an administrative agency's adjudications set forth in La. R.S. 49:964(G), we find that the Commission's ruling was supported by a preponderance of the evidence, and was not arbitrary nor capricious, an abuse of discretion, in violation of constitutional or statutory provisions, in excess of the statutory authority of the agency, made upon unlawful procedure nor affected by other error of law. Accordingly, we affirm the trial court's judgment upholding the Commission's decision in favor of the taxpayer.

**AFFIRMED**

11